# THE CITY OF CHAMPAIGN

*v.*

# ROBERT McMURRAY, Trustee, etc.

76  353
41a 609
76  353
152 207
45a 508

76  353
101a ¹127
e101a¹129
e101a²129

1. CASE—*evidence under general issue.* Under the plea of not guilty, in an action on the case, the defendant may not only put the plaintiff upon proof of the whole charge contained in the declaration, but may also give in evidence any justification or excuse.

2. In an action on the case for an injury to premises, the declaration alleged in the first count that the premises, at the time of the injury, were in the possession of tenants, and that the plaintiff, as trustee, had the reversion thereof, and in the other counts alleged that the plaintiff, as trustee, was in the possession thereof. The defendant filed the general issue: *Held,* that it was incumbent on the plaintiff to prove either a legal title or an actual possession of the property.

3. POSSESSION—*kind of, necessary to maintain suit for injury.* Where possession of land is relied on for any legal purpose, in the absence of paper title, it must be an actual, and not a constructive, possession.

APPEAL from the Circuit Court of Champaign county; the Hon. LYMAN LACEY, Judge, presiding.

This was an action on the case, brought by Robert McMurray, as trustee of Eliza B. and Charles M. McLaurie, against the city of Champaign, for an injury caused to a certain building by a change in the grade of a street so as to throw a quantity of water upon the premises. A verdict was returned and judgment rendered in favor of the plaintiff for $768 and costs. Defendant appealed.

Mr. J. S. WOLF, and Messrs. SWEET & DAY, for the appellant.

Messrs. BLACK & GERE, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

In the first count of the declaration it is alleged that the premises claimed to have been injured were, at the time the

injury was committed, in the possession of tenants, and that the plaintiff, as trustee for Eliza D. and Charles McLaurie, had the reversion thereof.

In the remaining counts, the allegation is, that the plaintiff, as trustee, was in possession of the premises.

The defendant pleaded not guilty. No evidence was offered of title or of actual possession in the plaintiff, as alleged in the declaration.

The court, at the instance of the plaintiff, among other things, instructed the jury "that the question of ownership of the property is not in issue in this case—that the same is admitted by the pleadings."

We are of opinion that the giving of this instruction was error.

The rule at common law is, that, under the plea of not guilty, in an action on the case, the defendant may not only put the plaintiff upon proof of the whole charge contained in the declaration, but may also give in evidence any justification or excuse. 1 Chitty's Pleadings (7th Am. from the 6th London Ed.) 527.

The English rule, that, "in actions on the case, the plea of not guilty shall operate as a denial only of the breach of duty or wrongful act alleged to have been committed by the defendant, and not of the facts stated in the inducement," etc., was adopted by the judges at Hilary term, 4th William IV, pursuant to the statute of 3d and 4th William IV, 1 Chitty's Pleadings, 737, and has never been adopted by statute in this State.

It was incumbent on the plaintiff to make proof, under his declaration, either of a legal title to, or the actual possession of, the property claimed to have been injured. *Gardner* v. *Heartt,* 1 Comstock, 528 ; 2 Greenleaf's Evidence, sec. 230, b ; *Gardner* v. *Heartt,* 2 Barb. 165; *Schenck* v. *Cuttrell,* 1 Dutcher (New Jersey), 5.

Where possession, alone, of land is relied upon for any legal purpose, in the absence of paper title, it must be an actual,

and not a constructive, possession. *Webb* v. *Sturtevant,* 1 Scam. 182; *Ill. M. F. Ins. Co.* v. *Marseilles Manufacturing Co.* 1 Gilman, 266.

The proof in this respect was clearly insufficient.

The judgment is reversed and the cause remanded.

*Judgment reversed.*