## Cincinnati, Hamilton & Dayton R. R. Co. v. Charles Goodson.

1. PLEADING—*Evidence Admissible in Actions on the Case Under the General Issue.*—Under a plea of not guilty, in an action on the case, the defendant may not only put the plaintiff upon the proof of the whole charge contained in the declaration, but may also give in evidence any justification or excuse.

2. EVIDENCE—*Admissible Under the General Issue that a Railroad in Question Was Not Operated by Defendant.*—In an action against a railroad company for injuries to stock, where it is alleged in the declaration that a certain road was owned and operated by the defendant, to which the general issue was pleaded, the defendant should be allowed to show that it was not operating the road in question.

**Action for Injuring Domestic Animals.**—Appeal from the Circuit Court of Douglas County; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the November term, 1901. Reversed and remanded. Opinion filed February 19, 1902.

THOMAS W. ROBERTS and HUGH CREA, attorneys for appellant.

J. W. CHADWICK and I. A. BUCKINGHAM, attorneys for appellee.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

This was an action on the case by appellee against appellant, which was tried by jury in the Circuit Court of Douglas County and resulted in a verdict and judgment in favor of appellee for $300.83.

Appellant having moved the court for a new trial, and the same being denied, brings the case to this court by appeal, and urges a reversal of the judgment on the alleged ground, among others, that the court rejected proper evidence offered by it.

The declaration upon which the trial was had, consisted of two counts, called in this record the " fifth " and " sixth." The fifth alleged that the defendant, on the 20th day of July, 1899, in the county aforesaid, was a railroad corpora-

tion, and as such, was possessed of, using and operating a certain railroad extending through a part of said county, and that the said line of railroad so used and operated by the defendant, had been used and operated as a railroad for a long space of time, to wit, ten years; that it was the duty of the company so operating such railroad, to keep and maintain the same in a reasonably safe condition so that cattle, horses, sheep and hogs belonging to the people along the line of said railroad, should not be injured by the locomotives or trains of cars passing over and along the same; and that the defendant had been so using and operating the said railroad for a space of three years next before the grievances complained of; and the same duty as before; and that during all the time that the defendant had been so using and operating its railroad, it was not kept and maintained in a reasonably safe condition, but that the defendant negligently and carelessly permitted its said railroad which passed through said county a short distance east of Garrett and west of the crossing of the public highway leading from the village of Garrett to the city of Tuscola in said county, to be and remain fenced on each side of said railroad, from the said railroad crossing westward for the distance of half a mile, and there to be drawn in and connected with a certain bridge or trestle, supporting the tracks of said railroad across a certain stream of water or depression, forming a *cul-de-sac*, open at the said highway crossing and closed at the said trestle, with nothing to prevent horses, cattle, sheep and hogs from passing along said railroad westward to the said trestle or bridge, so that the trains passing over said bridge going westward, if cattle, horses, sheep or hogs should stray onto the said railroad at said crossing, would drive said horses, cattle, sheep or hogs to and upon said trestle or bridge, whereby and by means whereof they would be injured or killed; and that the defendant had notice of the said dangerous condition of its said railroad at the said crossing between the same and the said bridge or trestle by reason of the said fences being open at the said road crossing and closed at the said trestle

or bridge, or in the exercise of reasonable and proper diligence should have had notice thereof; that on the said 20th day of July, 1899, the three horses of the plaintiff strayed and went upon the said railroad, without plaintiff's fault, from the said road crossing, and went westward along and upon the said railroad; and while they were upon the said railroad west of said crossing and east of said bridge or trestle, a certain engine and train of cars then and there being carelessly and negligently directed and propelled over and along said railroad from east to west by the servants and agents of said defendant in the night time at a high rate of speed, to wit, at the rate of forty miles an hour, with a lighted headlight, and a steam whistle, which was then and there carelessly and negligently operated by said agents and servants of said defendant in charge of said train and attended by the usual noise and rattle of a running passenger train, negligently, wantonly, recklessly and carelessly, with a loud noise and the sounding of said whistle at the high rate of speed aforesaid, came upon the said horses of plaintiff so being on said railroad and within the said fences so connected with said trestle or bridge, so that it was impossible for said horses to get by said bridge in any other way than by passing over it, and negligently, wantonly, recklessly and carelessly frightened, chased and drove the said horses westward upon said railroad, to, upon and into said trestle or bridge, whereby the said horses were cut, skinned, etc.

And the sixth alleges that the said defendant also heretofore, to wit, on the last day of January, 1898, to wit, at the county of Douglas aforesaid, was possessed and had the use and control of the said railroad mentioned in the foregoing counts of this declaration and continued to have the possession, use and control of said railroad up to and after the time of the committing of the grievances hereafter mentioned.

That during the time aforesaid, the said plaintiff was the owner of four horses, and that the said four horses, without fault on his part, on, to wit, the 20th day of July, A. D.

1899, strayed and went upon the said railroad in said county, and the said horses being on said railroad, a certain engine and train of cars of the defendant in charge of certain servants and agents of the defendant was so carelessly, negligently, improperly, recklessly and wantonly run, conducted and directed, and the said servants and agents so running and managing the said locomotive and train of cars so negligently, carelessly, improperly, recklessly and wantonly conducted themselves, that by means of the said negligence, carelessness, improper conduct, wantonness and recklessness of the said servants and agents of the defendant in the management, running and directing of said locomotive and train of cars in their conduct toward the said horses, the said horses were frightened, and negligently, wantonly and recklessly, by reason of their fright and the conduct of the said servants and agents of the defendant, caused to run upon and into a trestle-work of the said defendant and caused to fall through and off the same, whereby they were greatly damaged and injured, and the plaintiff thereby very greatly injured and damaged, to wit—at the county of Douglas aforesaid.

Appellee pleaded the general issue only, and on the trial the evidence offered by him showed that the horses in question were injured July 20, 1899, on a trestle of the "Indiana, Decatur & Western Railway," as called by the witnesses, but did not show that appellant, Cincinnati, Hamilton & Dayton Railroad Company, owned, possessed, operated, or controlled said railway on July 20, 1899, or at any time before or since then, or that it ever had any interest whatever in the same.

Appellant put George H. Graves on the witness stand and offered to prove by him that he was the superintendent of the Indiana, Decatur & Western Railway Company, and that appellant, Cincinnati, Hamilton & Dayton Railroad Company, on July 20, 1899, did not own, possess, control or operate the Indiana, Decatur & Western Railway, or at any time since or prior to that time, but upon objection by counsel for appellee, the court refused to admit that testimony and appellant preserved an exception.

Counsel for appellee, in their printed brief filed in this court, claim that this evidence was properly rejected for the reason that " by filing the general issue, appellant tacitly admitted (and is conclusively bound by such admission) that, at the time of the alleged injury, it was possessed of, using and operating the railroad, engine and train of cars, and that its servants. and agents were in charge of said engine and train of cars." And they cite us to McNulta v. Ensch, 134 Ill. 46, and McNulta v. Lockridge, 137 Ill. 270, as sustaining that view; while counsel for appellant contend that the court committed reversible error in excluding the evidence for the reason that the plea of general issue put appellee upon proof of all the material allegations of the declaration and left the appellant at liberty to avail itself of any matter of defense which in equity and conscience, according to the circumstances, would preclude appellee from recovering; and cite 1 Chitty on Pleading, 14th Am. Ed. from 6th London Ed., 144, 491; City of Champaign v. McMurray, 76 Ill. 353; and P., C. & St. L. Ry. Co. v. Knutson, Adm'r, 69 Ill. 105.

As we understand it, " the rule at common law is, that under the plea of not guilty, in an action on the case, the defendant may not only put the plaintiff upon the proof of the whole charge contained in the declaration, but may also give in evidence any justification or excuse." 1 Chitty's Pleadings (7th Am. Ed. from the 6th London Ed.) 527.

" The English rule, that ' in actions on the case, the plea of not guilty shall operate as a denial only of the breach of duty or wrongful act alleged to have been committed by the defendant, and not of the facts stated in the inducement,' etc., was adopted by the judges at Hilary term, William IV, pursuant to the statute of 33d and 4th, William IV, 1 Chitty's Pleadings, 737, and has never been adopted by the statute in this State." City of Champaign v. McMurray, 76 Ill. 353.

In Chicago v. Babcock, 143 Ill. 358, Mr. Justice Baker, in speaking of an action on the case, said, " the defendant is permitted, under the general issue, to give in evidence a release, a former recovery, a satisfaction, or any other mat-

ter *ex post facto*, which shows that the cause of action has been discharged, or that in equity and conscience the plaintiff ought not to recover (Greenleaf on Evidence, Sec. 231)," and approvingly quoted what Lord Mansfield said in Bird v. Randall, 3 Burr, 1345 (which was an action on the case), "In such an action as this is (an action of equity, not a formal action *stricti juris*), it is enough if it appears from the evidence that the plaintiff ought not in conscience to recover."

The same doctrine is announced in Kapischki v. Koch, 180 Ill. 44, and Papke v. Hammond Co., 192 Ill. 631.

In P. C. & St. L. Ry. Co. v. Knutson, Admx., 69 Ill. 105, the administratrix recovered a judgment in the Circuit Court against the railroad company in an action on the case for causing the death of the intestate by the negligence of the servants of the railroad company, and on appeal to the Supreme Court, counsel for the railroad company, to reverse the judgment, urged that the evidence failed to show that the train which killed the intestate belonged to the defendant company, and on that question the Supreme Court said, "several witnesses testified, and their evidence tended to show that appellants (defendant in the trial court) owned, or at least were operating this train. * * * The evidence was *prima facie* sufficient to prove the fact that the company owned the property, and if true, appellants had it in their power to dispose of it, but have failed to do so, and can not complain that the jury have found that issue as they did."

The published report of that case does not show what the pleadings in the case were, but we have examined the record in the office of the Supreme Court and find that the declaration alleged that the defendant owned and possessed the railroad in question at the time the alleged injury was inflicted, and that the only plea filed by it, was the general issue; and that the trial court required the jury to return special findings, among which they found, "We find from the evidence that it was defendant's company running or controlling the train which caused the injury."

In City of Champaign v. McMurray, 76 Ill. 353, the action was case to recover damages for an injury done to a certain building by changing the grade of the street. The first count of the declaration alleged that the premises, at the time the injury was committed, were in the possession of tenants, and that the plaintiff, as trustee for others, had the reversion thereof. In the other count it was alleged that the plaintiff, as trustee, was in possession of the premises. The defendant pleaded the general issue. No evidence was offered of title or of actual possession in the plaintiff as alleged in the declaration, and the trial court, at the instance of the plaintiff, among other things, instructed the jury, " that the question of ownership of the property is not in issue in this case; that the same is admitted by the pleadings."

In passing upon the propriety of the instruction the Supreme Court says:

" The rule at common law is, that, under the plea of not guilty, in an action on the case, the defendant may not only put the plaintiff upon proof of the whole charge contained in the declaration, but may also give in evidence any justification or excuse." (Citing Chitty on Pleading.)

The court further in the opinion says:

" It is incumbent on the plaintiff to make proof under his declaration, either of a legal title to, or the actual possession of the property claimed to have been injured."

In McNulta v. Ensch, 134 Ill. 46, cited by counsel for appellee in support of their contention in the case at bar, Ensch recovered in the Circuit Court of Sangamon County a judgment against McNulta as receiver of the Wabash, St. Louis & Pacific Railway Company, for damages sustained by him for an injury caused by the negligence of the servants operating a train on the railroad of that company while Ensch was a passenger thereon. The declaration alleged that McNulta was, at the time, receiver of said company, and was operating the railroad. To the declaration McNulta pleaded only the general issue, and the evidence showed that the railroad in question belonged to said

company, and was being operated and carrying passengers when the injury was received.

In the trial court McNulta made no denial, by plea or otherwise, that he was such receiver, nor did he prove or offer to prove that he was not, at the time of the injury, operating said railroad.

When the case reached the Supreme Court on appeal, McNulta claimed that there was no evidence that he was operating the railroad at the time of the injury, or that the persons in charge of the train were his servants, and for that reason the judgment ought to be reversed; and the court held that the plea of general issue did not put in issue the representative character in which McNulta was sued, and therefore the allegation in the declaration that he was at the time of the injury and before, such receiver, not being denied, was admitted, and the evidence showing the railroad upon which Ensch was injured, belonged to the railroad company of which McNulta, under the pleadings, was admitted to be the receiver, the presumption was that he was in the discharge of the duty imposed upon him by that relation to the railroad.

In McNulta v. Lochridge, 137 Ill. 270, also cited by counsel for appellee, the court merely re-announced what was held in the Ensch case, *supra.*

There was not in either of those cases, as in the case at bar, any attempt on the part of the defendant to prove on the trial that the party sued was not operating the railroad in question when the injury alleged to have been inflicted was received. The most the McNulta cases decide is that as there was no evidence given that the receiver was operating the railroad, the law presumed, by the admission that he was such receiver, that he was doing his duty as such, by operating the railroad of the company of which he was receiver, as the evidence showed it was being operated.

Being of opinion that the evidence above indicated should have been admitted and that the court committed prejudicial error against appellant by refusing to admit it, we will, for that reason, reverse the judgment and remand the case to the Circuit Court for another trial.