## Wabash Railroad Company et al. v. Benjamin E. Keeler.

1. REMOVAL OF CAUSE—*when one of several joint defendants not entitled to.* One of several joint defendants to an action on the case for personal injuries is not entitled to the removal of the cause where it appears that the cause of action was such as the plaintiff was entitled to maintain jointly against the several defendants, and had elected so to do.

2. DEMURRER—*when sustaining of, to special plea, not error.* The action of the court in sustaining a demurrer to a special plea is not error where the defendant interposed the plea of the general issue, and thereunder was entitled to prove all the material matters set up in the special plea to which such demurrer had been sustained.

3. VERDICT—*effect of, where silent as to one defendant.* In an action on the case for personal injuries, a verdict which is against one of the defendants and which is silent as to the other defendant, is, in effect, a verdict in favor of the defendant not mentioned.

4. LESSOR RAILROAD—*liable jointly with lessee company.* There is both concert of duty and concert of liability with respect to a lessor and lessee railroad company.

5. RULES AND REGULATIONS—*when admission of, erroneous.* The admission of rules and regulations in an action on the case for personal injuries is erroneous where they are foreign to the issue, and where their admission tended prejudicially to mislead the jury.

Action on the case for personal injuries. Appeal from the Circuit Court of Vermilion County; the Hon. JAMES W. CRAIG, Judge, presiding. Heard in this court at the November term, 1905. Reversed and remanded. Opinion filed June 8, 1906.

EVANS & SON, BUCKINGHAM & DYSERT, and REARICK & MEEKS, for appellants.

J. B. MANN and F. W. DUNDAS, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This action was brought by appellee against appellants and the Cairo, Vincennes and Chicago Railway Company jointly, for the recovery of damages resulting from personal injuries alleged to have been received through the negligence of said defendants. The original declaration consisted of one count, which charged, in substance, that the Cairo, Vincennes and Chicago Railway Company (hereinafter designated for brevity as the Cairo Company) owned a railroad extending from Cairo, Illinois, to a point near Tilton, Illinois; that the Cleveland, Cincinnati, Chicago and St. Louis Railway Company (hereafter designated as the Big Four) had control of and was operating this railroad under a lease from the Cairo Company; that the railroad of the Wabash Company connected with that of the Cairo Company in such a way that the trains of the Big Four were operated over the Wabash Railroad from Tilton to Danville, Illinois, and in such a way that cars could be driven from one railroad to the other; that plaintiff, on July 16, 1903, was in the employ of the Big Four as an engineer and engaged in running a locomotive going north along the line of the Cairo Road a half or three-quarters of a mile south of Tilton; that it was the duty of the Wabash not to place cars on the track of the Big Four without first receiving written permission from the Big Four to do so; that on the night of the 16th of July, 1903, the Wabash placed a large number of cars on the track of the Big Four just south of Tilton without written permission of the train dispatcher of the Big Four, and without a warning light on the south end of the south car; that the Big Four and Cairo Companies with knowledge negligently allowed the Wabash to store said cars upon said track, without warning plaintiff that his right of way was obstructed; that while the plaintiff, on the night of the 16th of July, 1903, was running his train northward, in the exercise of due care, not knowing that there were cars on

the track, the locomotive upon which he was riding collided with them, whereby he was injured and damaged, etc.

Upon the filing of said original declaration, the Wabash filed a petition for removal of the cause on its part to the United States Court, averring a diversity of citizenship as to plaintiff and petitioner and the separability of the controversy between them from the rest of the case, which petition was overruled. The plaintiff then filed two additional counts to the declaration which set forth the ownership and operation of the railroads, and the fact of the collision as in the original count, and then further averred that the Wabash placed on the tracks of the Cairo Company a large number of cars and permitted them to remain for the space of four hours in the night time without having thereon any light or signals, and without using any means of warning any locomotive engineer who might be running a locomotive in a northerly direction along said railway track, of which negligence the other defendants had notice, or by the use of ordinary diligence on their respective parts would have had notice. Said counts further averred that it was the duty of the Wabash not to permit its cars to be placed upon this track without receiving written permission, and that no such written permission was given by the Big Four.

To the original and additional counts the Cairo and Big Four pleaded not guilty.

The Wabash interposed three special pleas by which it admitted that the plaintiff was injured substantially as alleged in the declaration, but averred that he was injured in the night time of the 16th of July, 1903, on the track of the Big Four, just south of Tilton, while coming north with an extra train, which extra train collided with cars of the Wabash; that these cars had been stored for the night by special permission of the Big Four; that the plaintiff was the servant of the Big Four; that the Wabash owed the the plaintiff no duty; that the Big Four did not operate regular trains over its road in the night time; that when it operated extra trains in the night time, it, as a term of the

permission, notified the Wabash of the approach of such extra train in ample time to have the cars so stored removed; that the Big Four wholly failed to notify the Wabash of the coming of the extra train; that the Wabash is not connected with, and is entirely independent of the Big Four; and that the Wabash stored the cars with which the extra collided by express permission of the Big Four, and was not notified that an extra was coming.

A demurrer was interposed to such special pleas, which the Wabash sought to have carried back to the declaration. The court sustained the demurrer to the pleas, and carried it back to the first count, but held the second and third counts of the declaration to be sufficient. The Wabash then elected to stand by its special pleas, and pleaded the general issue.

The cause was then tried by jury and a verdict returned against the Big Four and Wabash, but no verdict was returned with reference to the Cairo Company. The amount of damages assessed was $3,000, for which sum the court entered judgment against the two defendants found guilty.

At the close of the plaintiff's case and again at the close of all the evidence, the defendants jointly and severally moved the court to instruct the jury to return a verdict in their favor, which motions were overruled.

The following facts disclosed by the evidence are practically uncontroverted. The Cairo Railroad, which is leased to and operated by the Big Four, starts at Tilton, a village about a mile west of Danville, and runs south to Cairo. Between Tilton and Danville the trains of the Big Four were under an arrangement with the Wabash, operated over the tracks of the Wabash. On the night of July 16, 1903, at about 7:30 o'clock, by order of the yardmaster of the Wabash, eighty-seven cars belonging to that company, were placed upon the main track of the Big Four south of Tilton. At about eleven o'clock on the same evening an extra train of the Big Four ran over said track at the rate of about twenty-five miles an hour and collided with the cars

there stored. Upon the engine of the extra train were appellee, the engineer, the regular fireman and a student fireman. When the collision was imminent, appellee jumped from the engine, and thereby received the injuries complained of in the declaration.

The yardmaster of the Wabash testified that when the cars were started from the Wabash for the track in question, he suspended a lamp showing a red light, from the draw-bar on the south end of the south car; that the lamp was in good condition and was capable of burning through the night. In this he is uncorroborated by other witnesses, although there were other employees working in the switch yards at the time. Nor were any fragments of a lantern found after the collision. Appellee and the two firemen testify positively that there was no light or warning signal of any kind to advise them of the presence of the cars. It cannot be said that the jury was unwarranted by the evidence in finding that there was no warning signal upon the cars at the time of the collision.

Numerous errors are assigned and argued by each of the appellants, of which we will first consider those urged by the Wabash.

The refusal of the court to grant its petition for the removal of the cause to the United States Court is urged as error by the Wabash. At the time the motion was made, the original declaration only had been filed. By it the negligence charged against the Wabash was that it placed the cars upon the track without the permission of the Big Four and without placing a warning light upon the south car. That charged against the other defendants was the failure to warn the plaintiff that the track was obstructed. It is insisted that, inasmuch as separate causes of action were assigned as against the Wabash severally and against the Big Four and Cairo Companies jointly, the cause was removable. It is contended by appellee not only that the controversy was not separable, but also that the petition was defective in that it failed to show that all the defendants were citizens of a different state from the plaintiff,

and that all the defendants should have joined in the petition. The rule applicable seems to be that to entitle a defendant to a removal on account of the separability of a controversy from the rest of the case, there must exist a separate cause of action on which a separate suit could be brought and complete relief afforded distinct from the rest of the case, and of which all the parties on one side are citizens of different states from all the parties on the other. The case must be separable into parts, so that in one of the parts a controversy will be presented wholly between citizens of different states, which can be determined without the presence of the other parties to the suit. Foster's Fed. Prac., sec. 384. The rule that all the parties to the side of the controversy opposed to that of the plaintiff's must join in the petition for removal does not apply where there are two controversies, one of which is separable from the rest. Ibid, sec. 385. The petition in question was, however, properly denied for the reason that although several suits might have been prosecuted against the defendants, the plaintiff elected to sue them jointly, and there was, therefore, no separable controversy.

The action of the court in sustaining the demurrer to the special pleas of the Wabash is also assigned as error. The ruling in question could not have been prejudicial, as the plea of general issue was filed before trial, and all material matters averred in the special pleas were provable thereunder. City v. Babcock, 143 Ill. 358; C. H. & D. R. Co. v. Goodson, 101 Ill. App. 123.

It is also insisted by the Wabash that the verdict of the jury was erroneous, and should not be permitted to stand, for the reason that it failed to find the Cairo Company either guilty or not guilty. Where, in an action against several defendants, the jury finds against one or more, but is silent as to the others, the verdict will be construed as a finding in favor of the defendants ignored. 22 Enc. Pl. & Pr. 959. The present verdict may therefore be properly treated as though a formal verdict of not guilty had been returned against the Cairo Company.

Wabash R. R. Co. v. Keeler.

It is further urged by the Wabash that the declaration fails to aver facts showing the three defendants to be jointly liable; that the Wabash and other defendants did not owe appellee the same duty; that, inasmuch as there was no concert of action by, nor any privity by contract or otherwise between the companies, there was no common duty toward appellee and could be no joint negligence, and, consequently, no joint liability.   In C. & G. T. Ry. Co. v. Hart, 209 Ill. 414, it was held that public policy, as well as the doctrine of agency, requires that a lessor railroad company be charged with the duty of seeing that the operation of the road is committed to competent and careful hands; that the lessee company, while engaged in exercising the chartered privileges and powers of the lessor company, is to be regarded as its servant, and that the lessee's employees are part of the general public; that the lessor is liable to them for the actionable negligence of the lessee company to the same extent as if such workmen were in the employ of the lessor company; and that in such case the lessor and lessee companies may be sued jointly.

It follows that if the Big Four was liable, it and the Cairo were, under the rule stated, jointly liable. As to whether the Wabash was jointly liable with the other defendants, presents a more debatable question.  It was manifestly the duty of the Wabash, when using the track in question, to exercise due care that the public, including the employees of the Big Four, should not be injured.  It cannot be questioned that, pursuant to its duty so to maintain and operate its tracks as to protect its employees and the public, the Big Four, if it knew or should have known, in the excercise of due care, that the obstruction of its track existed, should have seen to it that warning of some kind was given, and this without regard to by whom or under what circumstances such obstruction was occasioned.  An identical duty was thus due from each of said companies, and if their joint failure to perform the same directly contributed to the injurious result to appellee, the wrong may be regarded as joint, and they may be held jointly liable

therefor, notwithstanding there was no concert of action between them. In City of Peoria v. Simpson, 110 Ill. 294, the court said: "Undoubtedly the rule is, for separate acts of trespass separately done, or for particular acts negligently done, although a single injury is inflicted, the parties cannot be jointly held liable to the party injured. The rule is very well settled by authority. But a different principle applies where the injury is the result of a neglect to perform a common duty resting on two or more persons, although there may be no concert of action between them. In such cases the party injured may have his election to sue all parties owing the common duty, or each separately, treating the liability as joint or separate."

We are of opinion that the second and third counts of the declaration presented a good cause of action against all the defendants jointly. The jury was clearly warranted by the evidence in finding that the collision occurred by reason of the neglect to give warning to appellee of the presence of the cars upon the track. They were not unwarranted in finding that, under the circumstances, due care on the part of both the Wabash and the Big Four required that such warning be given, and that if such duty had been performed by either, the accident would not have occurred. These questions of fact were for the determination of the jury, and as there was evidence tending to establish a right of recovery against appellants jointly, the court did not err in refusing to grant the motions to direct a verdict.

Appellant, the Wabash, further contends that the declaration can be held to be good, if at all, because concurrent acts of negligence on the part of all the defendants are charged; that in such state of the pleadings the verdict must be against all the defendants; and that inasmuch as the verdict is not against the Cairo Company, it cannot stand. In support of such contention St. L. Sub. Co. v. Hopkins, 100 Ill. App. 567, is cited. That case is, we think, easily distinguishable from the one at bar. Distinct acts of negligence on the part of the respective defendants, not arising from the omission of a common duty, were there charged,

but in order to establish a joint liability, it was further charged that the several omissions of such different duties were concurrent, that is, operating in combination, caused the injury. The Appellate Court properly held that the verdict should have been against all or none of the defendants, for the reason that if the injury would not have happened, but for the neglect of separate duties in combination, a verdict against one defendant only would in effect be finding that the injury was the result of but one of several acts, from which, standing alone, no injury was averred to have followed. In the case at bar the acts of wrongful omission charged against the several defendants were concurrent only in the sense that they occurred at the same time; not that they operated in combination.

It is further contended by the Wabash that the trial court erred in refusing to permit the defendants to prove that the cars in question were stored for the night on the track of the Big Four by express permission obtained just before they were so stored; that the Big Four did not operate regular trains during the night time; that when it did operate extra trains in the night time, it was its duty under the terms of the permission to notify the Wabash in ample time to remove the cars so stored, and that such notice was not given. It is admitted by the averments of the second and third counts of the declaration, upon which the cause was tried, that the Wabash obtained the right in the first instance to place the cars upon the track. The question as to whether permission had been granted was therefore not in controversy, except under the first count to which demurrer was sustained, and the evidence relative thereto was properly excluded. The other excluded evidence was, however, competent upon the question as to whether or not, under the circumstances thereby sought to be shown, due care on the part of the Wabash demanded the placing of signals upon the cars, and was improperly excluded.

The court permitted evidence to be given by the plaintiff of various rules of the Big Four prescribing the manner in

which cars should be handled in its yards and how its trains should be protected against collision with others of its trains, and enumerating various signals, such as flags, color lights, fusees, torpedoes, etc., and providing how and when the same should be used. Objection was made to this evidence and exception preserved to the rules of the court which are urged as error by appellant, the Wabash. The rules in question had no application to the cars of the Wabash and were not in fact relevant to any issue in the case. They were clearly not intended to apply to idle cars stored upon tracks. One of such rules reads as follows: " 99. When a train stops or is delayed, under circumstances in which it may be overtaken by another train, the flagman must go back immediately with stop signals a sufficient distance to insure full protection. When recalled, he may return to his train, first placing two torpedoes on the rail when conditions require it." Testimony was introduced over defendants' objections to the effect that the rule quoted was not complied with in this instance, notwithstanding it shows upon its face that it related to wholly different situations. The declaration contains no charge justifying the admission of such testimony. There is no reference to any such requirement as these rules contain, nor any claim that it was the duty of any of the defendants to observe such requirements on this occasion, nor that plaintiff's injury was caused or contributed to by reason of the non-observance of any such requirements. The remainder of said rules were more foreign to the issues than the foregoing. The jury must necessarily have understood from the admission of this testimony that a non-observance of the requirements of any of the rules, by either defendant, would render such defendant liable. Whether or not proper warning was given by the Wabash was a controverted question of fact, and the admission of the rules referred to was so manifestly prejudicial as to require a reversal of the judgment as to the Wabash, and consequently as to both defendants. Jansen v. Varnum, 89 Ill. 100.

Complaint is made by the Wabash of the rulings of the

court upon sundry of the instructions. We have examined the same and find no serious or prejudicial error was committed relative thereto.

As the cause must be remanded, it will be unnecessary to determine the contention of the Big Four that the damages awarded are excessive. What has been said will dispose of the remaining errors assigned by the Big Four.

For the errors indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*