## Lewis M. Smith et al. v. Joseph Pawlak et al.

### Gen. No. 12,892.

1. NEGLIGENCE—*what constitutes, in operation of elevator.* It is negligence to send up an elevator cab or platform, while the doors leading to the elevator shaft are open and the shaft unguarded.

2. NEGLIGENCE—*who not liable for.* Held, under the evidence in this case, that the defendants were not liable for the negligence charged, upon the theory that they were agents acting for undisclosed principals.

3. NEGLIGENCE—*who not liable for acts of servant.* One who hires for another a servant is not liable for the negligent acts of such servant committed in his employment where such servant owed duty to and was subject to the control only of the person for whom he was hired.

Action in case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1906. Reversed, with finding of fact. Opinion filed October 4, 1907.

**Statement by the Court.** In an action on the case for personal injuries the plaintiff had judgment for $1,500 and the defendants appealed.

The amended first count of the declaration alleges that the appellants were in possession of a certain seven-story building in the city of Chicago, the different floors of which were occupied by different tenants, and that they operated a freight elevator for the benefit of said tenants and required the employees of said tenants to use the freight elevator when carrying bundles in and out of said building; that the elevator shaft opened into an alley and that the shaft extended some fifteen feet below the landing in the alley; that the only protection to persons lawfully upon the premises to prevent them falling into the elevator shaft was two doors which opened outward; that it was the duty of the appellants to guard said elevator shaft at its opening aforesaid with care commensurate with the circumstances, and to close the doors or otherwise protect the opening when not in use, and that while the plaintiff was a passenger upon said elevator carry-

ing bundles out of the building in the performance of his duty to his employer, one of the tenants of said building, he stepped upon the platform and the elevator ascended, leaving an open space thereunder, and while avoiding some paint about to fall upon the bundle he was carrying, fell into the shaft and sustained the injuries aforesaid.

The second count of the declaration contains in substance the same matters as the first count with the additional allegation that it was the duty of the appellants either to keep the doors aforesaid closed or have some other guard at the opening to prevent injuries such as were received by the appellee.

In December, 1902, Edward R. Perkins, trustee, of Cleveland, Ohio, bought the building mentioned in the declaration. Strauss Brothers had from the former owner a lease of the seventh floor of the building for the year 1903, which was assigned by the lessor to the purchaser, December 3, 1902. The other floors of the building were rented to different tenants. There were in the building a passenger and a freight elevator. January 1, 1903, appellants, who were real estate and renting agents in Chicago, took charge of the building as agents of the owner, who took no part personally in the management of the building. He gave directions as to the management of the building to appellants, which they obeyed. Appellants had authority from the owner to make ordinary repairs, to hire and discharge the engineer and janitor employed in the building, and the engineer hired the elevator boys. Appellants collected the rents and out of the money so collected paid the expenses of running the building, including wages of employees. It was the rule and custom for employees of tenants in the building to take the freight elevator when carrying bundles. At the ground floor on the side of the freight elevator shaft next to the alley were two doors opening outward to a platform. October 15, 1903, plaintiff went down on the freight elevator carrying a bundle of clothing for his employers. When the elevator reached the ground floor the doors were open and he passed through to the platform. He stood there a short time and then, to avoid falling paint, attempted to step back upon the elevator

cab or platform. Before he did so, the elevator boy sent the cab or platform up, leaving the doors open and the entrance to the elevator shaft unprotected and unguarded, and plaintiff fell down the shaft and received the injuries complained of.

MANN & MILLER and GALE BLOCKI, for appellants.

LANTRY & LYON, for appellee.

MR. PRESIDING JUSTICE BAKER, delivered the opinion of the court.

We think the question whether the plaintiff was guilty of contributory negligence was, upon the evidence, a question of fact upon which the verdict of the jury must be held conclusive. We also think that the jury might, from the evidence, properly find that the act of the elevator boy in sending the elevator cab or platform up while the doors leading to the elevator shaft were open and the shaft unguarded and unprotected, was an act of negligence which directly contributed to plaintiff's injury.

Wengler, the engineer of the building at the time of the accident, was first employed by the former owner and held his position after the sale to Perkins. He employed the elevator boys, but as defendants had authority to hire and discharge the engineer they must be held to have had authority to hire and discharge the elevator boys, and the question of their liability to the plaintiff for an injury caused by the negligence of an elevator boy, is to be decided as though the defendants had, as the agents of the owner of the building, hired such elevator boy.

One of the grounds for the motion for a new trial was, that the verdict was contrary to the evidence, and the motion having been overruled and the overruling of the motion assigned for error here, the question whether the defendants, under the evidence, are liable for the negligence of the elevator boy, is brought before us for review. Hale v. Johnson, 80 Ill., 185.

Smith v. Pawlak.

Appellee contends that they are so liable because they were agents for an undisclosed principal, and cite in support of such contention Morris v. Malone, 200 Ill., 132. The evidence in that case showed that Morris and Co., a copartnership, carried on a factory in their own name; that they employed plaintiff and that so far as the workmen employed in the factory and the public knew, the copartnership was carrying on the factory, and it was held that the copartnership was liable to the plaintiff, although in fact it may have been acting for an unknown principal. Here the building was rented to different tenants. The lease of Strauss Brothers, plaintiff's employers, from the former owner for a floor of the building for the year 1903 was assigned by the lessor to Perkins, the purchaser of the building.

There is in the record no evidence tending to show that the defendants leased any space in the building in their own name, or did any act indicating that they were the owners of the building, or were carrying on the building or the business of renting space therein, otherwise than as agents for the owner. We think that, under the evidence, it cannot be said, that the defendants were agents for an undisclosed principal, and for that reason responsible for the negligence of the elevator boy.

Appellee further contends that the case of Baird v. Shipman, 132 Ill., 16, is conclusive upon the question of appellants' liability for the negligence of the elevator boy. In that case the defendants were in charge and control of a building in Chicago, as the agents of a non-resident owner, as were the defendants in this case. They had substantially the same power and authority from the owner in respect to the management of the building that the defendants in this case had in respect to the management of the building under their control. They had authority to make ordinary repairs, as had the defendants in this case. The hangings of a barn door became out of repair, so that it was unsafe and dangerous to attempt to open the door. While the premises were in that condition, defendants leased the same to Mrs. Wheeler. Plaintiff's intestate attempted, by direction of

Mrs. Wheeler, to open the door and it, by reason of the defective condition of the hangings, fell upon him and killed him and a judgment for the plaintiff against the defendants was affirmed. The fact that the defendants had control of the barn was a necessary element of the liability of the defendants in that case, for because of such control the law imposed upon them the duty to use reasonable care in respect to the barn to avoid injury to any person who should for a proper purpose attempt to enter it. This duty was but the common law duty resting upon every man to so use that which he controls as not to injure another. This duty rested upon the defendants in this case in respect to the elevator in question which was provided by the owner for the use of all of the tenants in the building, and was under the control of the defendants as the agents of the owner. In the opinion in that case it was said: "When appellants rented the premises to Mrs. Wheeler in the dangerous condition shown by the evidence, they voluntarily set in motion an agency which in the ordinary and natural course of events would expose persons entering the barn to personal injury." There was no "interruption of the causal relation between them and the injured man." The distinction between the two cases is, that in Baird v. Shipman the defendants, by their wrongful act of leasing the barn when it was in a dangerous condition, voluntarily set in motion an agency which, in the ordinary course of events, and without interruption of the causal relation, caused the death of plaintiff's intestate. In this case there is no claim that the defendants did anything or omitted anything in violation of the duty imposed upon them by law in respect to said elevator. Plaintiff's injury was not caused by any act or omission of defendants, but by the negligence of the elevator boy.

The only remaining question is, whether the defendants, by reason of having employed, through the engineer, the elevator boy, are responsible for his negligence. This question must be answered in the negative. The elevator boy was the servant of the owner of the building, not of the defendants. His duties were performed for the owner in the prosecution

of the business of the owner, not for the defendants, nor in the prosecution of their business. In short, as was said in Bath v. Caton, 37 Mich., 199, where it was sought to hold Bath, the manager of a corporation, liable for the acts of employees of the corporation hired by him and under his control: "The requisite conditions to authorize the application of the doctrine of *respondeat superior* were not present. * * * There are cases which rest on peculiar grounds and are exceptional. The most important of them are maritime cases." See also Kuhnert v. Angell, 10 N. Dak., 59; 84 N. W., 579; 5 Thompson on Neg., section 5772; 1 En. and Am. Ency. of Law, 2nd Ed., 981; Stone v. Cartwright, 6 Term. Rep., 411; Story's Agency, section 313; Lloyd's Paley's Agency, 402; Brown v. Lent, 20 Vt., 529.

We think that there is in the record no evidence to support the finding that the defendants were guilty of negligence, and the judgment of the Superior Court will therefore be reversed with a finding of facts.

*Reversed.*