## Gladys Bunyan, Administratrix of the Estate of Emmett Bunyan, Deceased, Appellee, v. American Glycerin Company and Charles Townsend. American Glycerin Company, Appellant.

1. APPEAL AND ERROR—*complete bill of exceptions requisite to review of refusal to transfer cause to federal court.* The Appellate Court cannot pass on the refusal of the circuit court to transfer the cause to the federal court where the bill of exceptions does not contain the petition, affidavit and bond, the lower court's ruling and an exception thereto.

2. TRIAL—*silence of verdict as to one of two joint tort-feasors as verdict of not guilty.* In an action against two joint tort-feasors for the wrongful death of plaintiff's intestate, a verdict finding one of the defendants guilty and making no reference to the other defendant is, in effect, a verdict of not guilty as to the latter, and the trial court properly rendered judgment in his favor, which is· final in the absence of appeal therefrom.

3. MASTER AND SERVANT—*verdict for servant not bar to judgment against against master for liability not predicated on sole negligence of servant.* The rule of *respondeat superior* that the master cannot be charged with liability for the negligence of the servant where the latter is found not guilty has no application to bar a judgment against the master in an action against both master and servant for wrongful death, where the jury found the master guilty and the servant not guilty, and the declaration charged that both defendants committed the acts of negligence which resulted in decedent's death.

4. MASTER AND SERVANT—*when verdict against master necessarily based on negligence of employees other than codefendant.* In an action for damages for the wrongful death of plaintiff's· intestate against a master and one of its servants, a verdict against the master and for the servant amounts to a finding by the jury that the negligent acts which resulted in death were committed by other employees of the master than its codefendant, where the declaration charged that both defendants committed the negligent acts and the evidence showed that the master had employed other servants in and about the business wherein the negligence was committed and that the codefendant was experienced in such business and careful, prudent, cautious and skilful therein.

5. PLEADING—*matters admitted by the general issue.* In an action for the wrongful death of plaintiff's intestate by the explosion of a can containing nitroglycerin, where the declaration

charged that defendants had been in the possession and control of such can in their business and had negligently left it near a schoolhouse where children found it and caused the fatal explosion, the general issue admits that defendants possessed and controlled the can in question, even though it contained no mark to indicate what it contained or to whom it belonged.

6. EXPLOSIVES AND COMBUSTIBLES—*negligence in storing nitroglycerin as proximate cause of explosion.* Negligence in leaving a partially emptied can of nitroglycerin near the roadside in the vicinity of a schoolhouse is shown to have been the proximate cause of the death of the teacher of such school, by evidence that school children at play found the can, which bore no mark indicating the nature of its contents, and that while the children were investigating the can and its contents one of them struck it, causing an explosion which resulted in the death of the teacher and several children.

7. EXPLOSIVES AND COMBUSTIBLES—*when verdict is sustained by weight of evidence.* A verdict for damages against defendant for the death of plaintiff's intestate by wrongful act will not be reversed as manifestly against the weight of evidence where it is shown that defendant was in the business of shooting wells with nitroglycerin, that it employed various servants to handle such explosive, that numerous partially emptied cans of the explosive were left by such employees in the vicinity of a public school building unguarded and unmarked, that the school children at play found a can possessed and controlled by defendant near the roadside and that while they were playing with it, one of them struck it, causing an explosion which killed plaintiff's intestate.

Appeal by defendant from the Circuit Court of Lawrence county; the Hon. J. C. EAGLETON, Judge, presiding. Heard in this court at the March term, 1923. Affirmed. Opinion filed July 19, 1923. *Certiorari* denied by Supreme Court (making opinion final).

MCGAUGHEY, TOHILL & MCGAUGHEY and C. M. SPARGO, for appellant.

SHAW & HUFFMAN, W. A. CULLOP and A. J. PADGETT, for appellee.

MR. JUSTICE BARRY delivered the opinion of the court.

In an action on the case, appellee charged that on February 7, 1921, and for a long time prior thereto,

the American Glycerin Company and Charles Townsend were possessed of and were using and operating a nitroglycerin business and were engaged in the manufacture, storage, transportation and use of nitroglycerin, in shooting wells in Lawrence county and elsewhere, and that the same is a high explosive of the most dangerous and deadly kind; that it is a heavy, sticky liquid and when poured from the can some of it remains therein; that they carelessly and negligently scattered and left the used cans in divers places of easy access and exposed to view in utter disregard for the safety of the public; that they stored and kept large quantities of said glycerin in places that were not locked and that were unguarded and unsafe; that they handled and used the same and scattered used cans in the vicinity of the Cross Roads schoolhouse where appellee's intestate was the teacher; that on the day aforesaid, one of said used cans came to the hands of some of the pupils at said school and while in their possession it exploded and killed her intestate, who left his widow and other relatives· as his next of kin.

The general issue was pleaded and also a special plea to the effect that appellee is not nor ever was administratrix of the estate of her deceased husband. Issues were joined and upon a trial the jury found the American Glycerin Company guilty and assessed damages at $8,000, but said nothing as to the guilt or innocence of Charles Townsend. The court treated it as a verdict of not guilty as to him and rendered a judgment in his favor. The American Glycerin Company moved for a judgment, notwithstanding the verdict, and the same was overruled. After overruling its motions for new trial and in arrest, the court entered judgment on the verdict. The American Glycerin Company, alone, appealed to this court.

It is first contended that the trial court erred in refusing to transfer the cause to the federal court.

We are not permitted to pass upon that question for the reason that the bill of exceptions does not contain the petition, affidavit and bond, the ruling of the court thereon and an exception thereto, all of which is essential. *Peirce v. Walters,* 164 Ill. 560. Those matters should have been preserved by a bill of exceptions presented at the May term, of the circuit court. *Wabash, St. L. & P. Ry. Co. v. People,* 106 Ill. 652.

In effect the verdict was one of not guilty as to Charles Townsend and the court did not err in so treating it. *Wabash R. Co. v. Keeler,* 127 Ill. App. 265; *Schmidt v. Chicago City Ry. Co.,* 144 Ill. App. 512; *Doremus v. Root,* 23 Wash. 710, 54 L. R. A. 649; 22 Encyc. Pl. & Prac. 959. There was no appeal from the judgment in his favor and the same stands in full force and effect regardless of the outcome of this appeal.

Appellant contends that under the declarations and proof it was sought to be held liable because of the sole negligence of its agent, Mr. Townsend, and as he was found not guilty the court erred in rendering judgment against it. In this State the law is well settled that where an action on the case is brought against two defendants and one of them is liable only on account of the rule of *respondeat superior* for the negligence of the other, if the latter is found not guilty such finding is a complete bar to the action against the former. *Hayes v. Chicago Tel. Co.,* 218 Ill. 414; *Anderson v. West Chicago St. R. Co.,* 200 Ill. 329; *Antrim v. Legg,* 203 Ill. App. 482; *Larson v. Hines,* 220 Ill. App. 594; *Billstrom v. Triple Tread Tire Co.,* 220 Ill. App. 550. The weight of authority outside of Illinois seems to be to the same effect. *Doremus v. Root,* 23 Wash. 710, 54 L. R. A. 649; *Hayes v. Chicago Tel. Co.,* 218 Ill. 414, 2 L. R. A. (N. S.) 764; *McGinnis v. Chicago, R. I. & P. Ry. Co.,* 200 Mo. 347, 9 L. R. A. (N. S.) 880; *Southern Ry. Co.*

*v. Harbin,* 135 Ga. 122, 30 L. R. A. (N. S.) 404; *Hobbs v. Illinois Cent. R. Co.,* 171 Iowa 624, L. R. A. 1917E 1023.

All of the cases indicate that the rule does not apply if it appears from the declaration or complaint that the employer is charged with negligence other than that of the employee who has been found not guilty. It is more evident, from the following cases, that appellant is not relieved from liability by virtue of that rule of law unless the sole negligence charged against it is the negligent act or omission of its agent, Townsend. *Republic Iron & Steel Co. v. Lee,* 227 Ill. 246; *Arnett v. Illinois Cent. R. Co.,* 188 Iowa 540, 176 N. W. 322; *Webster v. Chicago, St. P., M. & O. Ry. Co.,* 119 Minn. 72, 137 N. W. 168; *Doran v. Chicago, St. P., M. & O. Ry. Co.,* 128 Minn. 193, 150 N. W. 800; *Lake Erie & W. R. Co. v. Reed,* 57 Ind. App. 65, 103 N. E. 127; *Usher v. American Smelter & Refining Co.,* 97 Neb. 526, 150 N. W. 814.

In the case at bar, the declaration does not charge appellant with the sole negligence of Townsend, but charges that both defendants were possessed of the nitroglycerin business and that they were engaged in the manufacture, storage, transportation and use of the glycerin and that both of them committed the acts of negligence which resulted in the death of appellee's intestate. Under her declaration, appellee was at liberty to prove that some agent other than Townsend was also guilty of the negligence charged against appellant. *Doran v. Chicago, St. P., M. & O. Ry. Co., supra; Republic Iron & Steel Co. v. Lee, supra; Lake Erie & W. R. Co. v. Reed, supra.*

The record discloses that Elmer Grimes was in the employ of appellant in Lawrence county at the time of the explosion and for some months prior thereto and that it was a part of his duty to move the cans from place to place. It was also shown that other

persons had been employed by appellant in the same capacity prior to the time it employed Mr. Grimes. Appellant made a special defense for Mr. Townsend by proving that he had many years' experience in the handling of nitroglycerin and that he was a careful, prudent, cautious and skilful person in the handling and use thereof. At its request, the jury were advised that they might properly consider that testimony and give it such weight as it was entitled to. We are not to be understood as holding that such evidence was properly admitted. It went in without objection.

On the other hand, appellant offered no evidence to show that its other employees were careful, cautious and skilful in the handling and use of nitroglycerin. It is not strange, therefore, that the jury found Townsend not guilty and assessed damages against appellant. The verdict determined that appellant was not guilty by reason of any alleged negligence on the part of Townsend but because of the negligence of its other employees. *Doran v. Chicago, St. P., M. & O. Ry. Co.*, *supra*.

Mr. Townsend could not be held responsible for the negligence of another agent of appellant unless he was guilty of fraud or gross negligence in the selection of such other agent, or improperly co-operated with such agent in his acts or omissions. *Smith v. Pawlak*, 136 Ill. App. 276; *Frorer v. Baker*, 137 Ill. App. 588; 2 Corpus Juris 829.

The vital question, then, is whether there is sufficient evidence in the record to support the finding of the jury that appellant was guilty because of the negligence of some of its employees other than Mr. Townsend. The declaration charged that the instrumentality which caused the injury was a can that had been in the possession and control of appellant until it left the same in the vicinity of the schoolhouse where it was found by the children. The general issue ad-

mitted that appellant possessed and controlled the can. *Carlson v. Johnson*, 263 Ill. 556.

We must assume, therefore, that the can in question was the property of appellant. There was no mark upon the can to indicate what it had contained or to whom it belonged. The evidence is that one of those so-called empty cans is as dangerous as one that is full. That it is highly dangerous and deadly is apparent from the fact that the explosion caused the death of the teacher and six or seven school children and greatly damaged the schoolhouse. While at play, some of the children found the can near the schoolhouse. Curiosity led them to investigate and ascertain what it contained. They procured a portion of the contents and showed it to the teacher, who smelled of it and expressed the opinion that it was some kind of paint. One of the boys struck the can with a wrench and the explosion followed with results above stated.

The owner of a commodity so inherently dangerous as nitroglycerin is required to exert the highest degree of care to keep it in close custody to prevent its doing mischief, and that duty never ceases; and such owner is liable for all the natural and probable consequences which flow from any breach of that duty. 22 R. C. L. 165. One keeping or storing dangerous explosives must exercise reasonable care, which is such care as is commensurate with the apparent danger. Accordingly, it is said that the utmost caution and highest degree of care must be used in the care and custody of dangerous explosives. 25 Corpus Juris 185.

A person is generally held liable for any injury resulting from leaving explosives in a place accessible to children, or where they are wont to congregate, under circumstances which do not make them wilful trespassers. 22 R. C. L. 166, and cases cited. The act of a child in causing the explosion is generally held

not to be such an intervening cause as will relieve the defendant from liability for a breach of his duty. 22 R. C. L. 167, and cases cited. *Olson v. Gill Home Investment Co.*, 58 Wash. 151, 27 L. R. A. (N. S.) 884; *Clark v. DuPont Powder Co.*, 94 Kan. 268, L. R. A. 1915E 479; *Folsom-Morris Coal Min. Co. v. DeVork* (Okla.), L. R. A. 1917A 1290; *Mathis v. Granger Brick & Tile Co.*, 85 Wash. 634, 149 Pac. 3.

In order to establish liability, the negligence alleged in keeping the explosive must be the proximate cause of the injury. But, since disastrous results from negligence in the care of high explosives may reasonably be anticipated, courts will not look too narrowly for independent causes intervening between the injury and the original negligence in keeping. 25 Corpus Juris 186, and cases cited. It was proven, without objection, that following the accident another can was found near the schoolhouse and ten others within a few miles thereof. The can in question, the property of appellant, was found by the children at a place where it should not have been. If any of appellant's agents or servants, other than Townsend, left the can in the vicinity of the schoolhouse, it was an act of negligence for which appellant should be held responsible.

Mr. Grimes was employed by appellant on October 8, 1920, and was then about twenty-five years of age. So far as the evidence shows, he had no previous experience in handling nitroglycerin. It was a part of his duty to haul the cans from place to place and he continued in the employ of appellant in that capacity from October 8, 1920, until the trial. The accident occurred on February 7, 1921. He says that he always took the empty cans back to the magazine and put them away; that he knew nothing about the can found by the children and did not know who left it by the roadside. He says that Mort Shaw also worked for

appellant between October 8, 1920, and February 7, 1921. Appellant had other employees before Mr. Grimes was employed. Neither Mr. Shaw nor such other former employees testified on the trial.

We are of the opinion that it was a question of fact to be determined by the jury as to whether appellant was guilty because of the negligence of some of its employees other than Mr. Townsend, and, in the state of the proof, we would not be warranted in holding that their conclusion is so manifestly against the weight of the evidence as to require a reversal. We find no reversible error in the giving or refusal of instructions. Those offered by appellant and refused by the court, in so far as they were proper, were covered by instructions given at its request. On the whole we think the jury were fully and fairly instructed.

We have carefully considered all the assignments of error argued by appellant and are of the opinion that no reversible error has been pointed out. The judgment is affirmed.

*Affirmed.*