## J. Dietrich Heimsoth
### v.
## James Anderson, etc.

1. RIGHT OF ACTION.—Where plaintiff was injured by the bite of a dog and it was shown by the evidence that the cost of medical attendance was incurred and paid for by plaintiff's mother and not by plaintiff, the right to recover the cost of medical attendance would accrue to the mother and not the son.

2. INSTRUCTION—EXEMPLARY DAMAGES—An instruction authorized the jury to award such damages for the injuries sustained, as they might think proper and right in view of all the evidence. *Held* erroneous, in that no hypothesis upon which exemplary damages might properly be awarded was submitted, and such direction was broad enough to include exemplary as well as compensatory damages.

APPEAL from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding. Opinion filed February 10, 1885.

Messrs. BRANDT & HOFFMANN, for appellant; as to instructions, cited Keightlinger v. Egan, 65 Ill. 236.

Mr. JAMES F. LATHAM, for appellee; as to notice, cited Twigg v. Ryland, Chicago Legal News, Oct. 25, 1884; Cooley on Torts, 344.

The case at bar was essentially a case for exemplary damages; Keightlinger v. Egan, 65 Ill. 236; Marsh v. Jones, 21 Vt. 378; Woolf v. Chalker, 31 Conn. 121; Wheeler v. Brant, 23 Bar. 324.

BAILEY, J. This was an action on the case, brought by James Anderson, by his next friend, against J. Dietrich Heimsoth, to recover damages for injuries suffered by the plaintiff from the bite of a dog, which, as he claims, belonged to the defendant. On the 17th day of June, 1882, the date of the injury, the plaintiff, then a child a little over three years old, was playing in an alley near his home, in the city of Chicago,

when a dog came through a hole in the fence along the alley and bit him. The evidence as to the ownership of the dog was conflicting, but there is evidence tending to show that he belonged to the defendant. There is also some evidence tending to show that the dog was of a cross disposition, and had been known to chase other persons, and that at least on one previous occasion he had bitten another child.

The evidence also tends, in some degree, to charge the defendant with notice of the disposition and conduct of the dog.

It appears that the plaintiff received a severe flesh wound on his thigh, which was several weeks in healing, during which time he received treatment from a surgeon. The entire expense incurred for medicines and medical attendance, so far as the evidence shows, was $12, and that expense is shown to have been paid by the plaintiff's mother.

At the trial, the court gave to the jury, among other instructions, the following:

"If the jury believe from the evidence, under the instructions of the court, that the plaintiff is entitled to recover in this case, then, in assessing his damages, the jury are at liberty to take into account the extent of plaintiff's injuries, so far as they have been shown by the evidence, the pain and suffering endured by him, if any, in consequence of such injuries, and the cost of medical attendance, if such costs have been proven, and award such damages for the injuries sustained as the jury may think proper and right, in view of all the facts and circumstances proved on the trial."

The jury found the defendant guilty, and assessed the plaintiff's damages at $444, for which sum and costs the plaintiff had judgment.

The foregoing instruction is clearly erroneous. The jury were thereby authorized and instructed, in assessing the plaintiff's damages, to take into account the cost of medical attendance, although such cost is shown by the evidence to have been incurred and paid for by the plaintiff's mother and not by the plaintiff. Under these circumstances, it is clear that the right to recover the cost of medical attendance accrued, not to the plaintiff, but to his mother.

But the instruction is also erroneous in authorizing the jury to award such damages for the injuries sustained, as they might think proper and right, in view of all the evidence. This direction is broad enough to include exemplary as well as compensatory damages, but the instruction fails to submit any hypothesis upon which exemplary damages may properly be awarded. Exemplary or vindictive damages may be given where the act complained of is committed or accompanied with malice, violence, oppression, willful neglect, or wanton recklessness. Drohn v. Brewer, 77 Ill. 280; Peoria Bridge Association v. Loomis, 20 Id. 235. But unless some one of the foregoing elements is present, compensatory damages only should be awarded. Pierce v. Millay, 44 Ill. 189; Williams v. Reil, 20 Id. 147; Jones v. Jones, 71 Id. 562.

A very similar instruction was condemned by the Supreme Court, in Keightlinger v. Egan, 65 Ill. 235. In commenting on it the court say: "The instruction was wrong upon the point of damages, in telling the jury they might find for the plaintiff such damages as in their judgment, from the evidence in the cause, the plaintiff ought to recover. This left the jury free scope to give such damages as, according to their individual notions of right and wrong, they might think the plaintiff ought to recover, unguided by any legal rule of damages, and without regard to the damages sustained."

For the error in giving said instruction, the judgment will be reversed and the cause remanded.

Judgment reversed.