AVERY R. HAYES, Admr.

*v.*

THE CHICAGO TELEPHONE COMPANY.

*Opinion filed December 20, 1905.*

1. APPEALS AND ERRORS—*when a finding of facts by Appellate Court is conclusive.* A finding by the Appellate Court, in reversing a judgment for the plaintiff in an action for negligence, that the fallen wire which caused the death of the plaintiff's intestate was not at any time owned or controlled by the defendant and that the defendant was guilty of no negligence which caused or contributed to the death of such intestate, is conclusive of the facts.

2. NEGLIGENCE—*when judgment in favor of one defendant releases the other.* If the liability of a telephone company for the death of a person who took hold of a live wire rests upon the alleged negligence of the city, which was in control and possession of the wire by permission of the telephone company, a judgment in favor of the city releases the telephone company from liability under the doctrine of *respondeat superior.*

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN L. HEALY, Judge, presiding.

EDMUND S. CUMMINGS, for appellant.

HOLT, WHEELER & SIDLEY, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a suit brought by appellant, against the city of Chicago and the Chicago Telephone Company, in the superior court of Cook county, to recover damages for negligently causing the death of Charles Anderson, appellant's intestate.

The declaration charged, in substance, that the defendants were possessed of and using certain telephone poles and wires in a public alley in the city of Chicago; that there were near said telephone poles and wires, other poles and

wires, which wires were highly charged with electricity; that the said defendants negligently suffered one of said telephone wires to hang loosely from one of the poles used by it, down to and upon and against one of said other electric wires and down to and upon the ground, and thereby said telephone wire became charged with electricity and dangerous to any person coming in contact with the same, and that said Charles Anderson, while in the exercise of due care, being entirely ignorant of the fact that said telephone wire was charged with electricity, and having no notice thereof, and in the performance of his duties, took hold of said telephone wire and was killed.

The evidence showed that at the time of granting the appellee the right to erect its poles in the alley in question the city of Chicago made the following reservation: "That the city of Chicago shall have the right to the top cross-arm of each of said poles free from charge, for the use of the city telegraph and telephone wires." It further appears from the evidence that appellant's intestate, who was a garbage collector in the city of Chicago, in the performance of his duties took hold of a wire hanging from one of said poles, which was in contact with a wire belonging to another company, strung on another set of poles and heavily charged with electricity, and was instantly killed. There was a sharp conflict in the evidence as to which of the defendants was the owner or in control of the broken wire hanging from the pole which caused the death of Anderson. The jury returned a verdict of not guilty as to the city of Chicago and of guilty as to the appellee, and assessed appellant's damages at $3500. Judgment was entered upon the verdict and an appeal was taken by appellee here to the Appellate Court for the First District, and that court reversed the judgment of the superior court without remanding and made the following finding of fact: "That the fallen wire which caused the death of Anderson, prior to and at the time of the accident was owned and controlled by the city of Chicago and was not at any time owned

or controlled by appellant, and that appellant was guilty of no negligence which caused or contributed to the death of Anderson." This finding of fact by the Appellate Court is conclusive, and this court is bound thereby, and is not permitted to look into the record for the purpose of reviewing the evidence and passing upon the question as to whether the facts therein contained justify such finding. (*Davis* v. *Chicago Edison Co.* 195 Ill. 31.) The Appellate Court is not required to recite the evidence or to find the mere evidentiary facts, but only to find the ultimate facts. *Weeks* v. *Chicago and Northwestern Railway Co.* 198 Ill. 551.

While this court is bound by the finding of fact of the Appellate Court, it can consider the question as to whether the Appellate Court has properly construed the law applicable to the facts found by it to exist, and appellant contends that it has erred in so doing. It is insisted that regardless of the fact appellee has been found not to have been the owner or in control of the fallen wire and not to have been guilty of negligence, still it is liable for the reason that it had granted to the city of Chicago the right to use the poles erected by it for its corporate purposes, thereby permitting it to use a portion of its chartered powers, the result of which is to make appellee liable for any negligence on the part of the city of Chicago. The disposition of this case does not make it necessary to pass upon the question whether the rule heretofore established by this court in cases where one railway corporation has permitted another to use its tracks should be held to apply to the case at bar, for the reason that if it did apply, under the facts in this case appellant could not sustain a judgment. The rule as to railway corporations is based upon the relation of principal and agent. (*Anderson* v. *West Chicago Street Railroad Co.* 200 Ill. 329.) In the trial below the city of Chicago, which, under appellant's contention, occupied the position of agent, was found not guilty. No appeal was taken from that judgment, and it must be deemed to have settled the fact that the city of Chicago was

not liable for the death of appellant's intestate. It necessarily follows that if the agent charged with the commission of the act complained of be not guilty, a judgment could not be recovered against appellee, the principal, upon the ground of *respondeat superior.* The judgment in this case in favor of the city of Chicago is a complete bar to an action against the appellee for its negligence in exercising any permissive rights appellee may have granted it. To make appellee liable upon the theory under discussion, a case must have existed against the city.

In *Anderson* v. *West Chicago Street Railroad Co. supra,* where it appeared that a judgment had been entered in favor of the lessor railroad company in an action for alleged negligence of the lessee company, it was held that said judgment was *res judicata* in a subsequent suit upon the same cause of action against the lessee, and it was said (p. 333) : "Both being liable to the party injured, such party could sue them both in the same action or sue each one separately, but if one was not guilty of the tort the other one could not be. * * * There is no question of fact to be tried whether the owner company is liable for the negligence of the lessee—it *is* so liable under the law. It must follow, then, that if, in a suit brought against the lessor in which the tort complained of is in fact the tort of the lessee, a verdict of not guilty is rendered,—that is, that there was no actionable wrong committed against the plaintiff by the lessor,—no actionable wrong could have been committed against him by the lessee in the premises, for it is the lessee's wrong that in these cases constitutes the basis of the action against the lessor."

In the case of *Doremus* v. *Root and The Oregon Railroad and Navigation Co.* 23 Wash. 710, (54 L. R. A. 649,) which was a suit brought against Root and the railroad company, for which he was working, jointly, to recover damages for a negligent act of Root's resulting in an injury to the plaintiff, a verdict was returned against the railroad company, which was construed by the court to be a verdict

of not guilty as to Root, and a judgment was entered in his favor against the plaintiff for costs. An appeal was taken by the railroad company, and it was urged that a judgment in favor of Root, the agent whose alleged negligent act caused the injury, precluded a judgment against the railroad company, his principal, which contention was sustained. The court, in passing upon the question, said: "In such an action, whether brought against the employer severally or jointly with the employee, the *gravamen* of the charge is, and must be, the negligence of the employee; and no recovery can be had unless it be proved and found by the jury that the employee was negligent. Stated in another way: if the employee who causes the injury is free from liability therefor, his employer must also be free from liability." And again it is said: "So, too, from the principle that there can be no liability on the part of an employer for the act of his employee in which he took no part, if the employer is free from liability, it follows that a judgment in favor of the employee in an action brought against him for an injury caused by such an act is a bar to a recovery against the employer in an action brought against him for the same cause of action."

In this case appellant has relied upon three theories to recover: First, that the city of Chicago had committed some actionable wrong which had resulted in the death of Anderson; second, that appellee had negligently caused the death of Anderson; and third, that by reason of the contractual relation of appellee with the city of Chicago, appellee was liable for the alleged negligence of said city resulting in the death of appellant's intestate. As to the first contention, the jury found the city of Chicago not guilty, and no appeal was taken from the judgment entered upon such verdict. Upon the second proposition, the Appellate Court, by its finding of fact, has, in effect, returned a verdict that appellee was not guilty; and the third theory must fail for the reason that it is apparent that the finding by the jury that the city of Chicago was not guilty of actionable wrong effectually bars any

recovery against appellee upon the ground that it was liable for the alleged negligence of the city of Chicago.

We are of the opinion the judgment of the Appellate Court must be affirmed.       *Judgment affirmed.*