THE UNITED BREWERIES COMPANY

*v.*

PATRICK H. O'DONNELL, Admr.

*Opinion filed April 17, 1906.*

1. INSTRUCTIONS—*when instruction as to care to be exercised by a child is not misleading.* An instruction in an action for the death of a child, run over by defendant's wagon, stating that the degree of care which the child was bound to use was that which a reasonable person of his age should exercise, is not misleading in failing to use the words "under similar circumstances," as applied to the degree of care to be exercised, where other instructions present that element.

2. SAME—*when instruction as to disregarding testimony is correct.* An instruction is substantially correct which states that "if the jury believe, from the evidence, that any witness in this case has knowingly and willfully sworn falsely on this trial to any matter material to the issue in this case, then the jury are at liberty to disregard the entire testimony of such witness, except in so far as it has been corroborated by other credible evidence or by facts and circumstances proved on the trial."

3. APPEALS AND ERRORS—*when instruction cannot be questioned in Supreme Court.* An instruction cannot be questioned in the Supreme Court although questioned in the assignment of errors in the Appellate Court, if it appears from a certified copy of appellant's brief and argument in that court that no point was there made upon it.

4. SAME—*when objection that verdict is contrary to law is without force.* An objection that a verdict in a personal injury case, where the deceased left a father and mother and five brothers and sisters, is, as to the brothers and sisters, contrary to law because there was no proof of their dependence upon the deceased, is without force, where there is no claim that the father alone could not have recovered the full amount of the verdict or that the amount of the verdict was increased because of the fact that the deceased left brothers and sisters.

5. TRIAL—*jury have nothing to do with distribution of judgment.* In an action for damages by an administrator the jury can only consider the questions whether the deceased came to his death by the wrongful act of the defendant, and if he did, whether, under the proof, he left next of kin who, under the law, sustain damages thereby, and they have nothing to do with the distribution of the judgment by the administrator.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. F. A. SMITH, Judge, presiding.

Appellee began an action on the case in the circuit court of Cook county against appellant to recover damages for the death of John Klonowski, who was killed by a wagon belonging to appellant on October 17, 1900, on Paulina street, near Forty-sixth street, in the city of Chicago. The declaration contained two counts, the first alleging that the defendant carelessly, negligently, willfully and maliciously managed and drove its team, etc., so that deceased was

killed; and the second, that it carelessly, willfully and negligently employed and permitted an incompetent person to drive its team, etc., causing the death of plaintiff's intestate.

The evidence produced by the plaintiff at the trial tended to show that at the time of the accident the deceased, a boy eight years of age, living with his parents, was run over by a team and wagon belonging to the defendant, used in the delivery of beer, which was being driven along said Paulina street towards Forty-sixth street at a high rate of speed by one of its employees, and that the deceased, in attempting to cross the street, was struck by the pole of the wagon, knocked down, run over and killed. On behalf of the defendant the evidence tended to show that as the wagon proceeded south in the middle of the street, four boys were walking in the same direction on the east side of the street, and the wagon passed them about seventy-five or one hundred feet north of Forty-sixth street; that among the boys were the deceased and a brother of the driver of the team, and the brother called to the driver, asking him if he was going to their sister's house, to which the driver replied that he was, and stopped the team; that the brother thereupon ran from the east side around the end of the wagon and climbed upon it, taking a seat between the driver and a man riding with him; that the driver then started the team, and had proceeded a few feet when the deceased was run over by the right hind wheel. The claim of appellant is, that when the driver's brother climbed upon the wagon the deceased followed him and attempted to get upon the wagon some place between the wheels, and that, the curtains of the wagon being drawn, the driver did not see him or know that he was attempting to get on the wagon. There was thus an irreconcilable conflict in the evidence as to just how the accident occurred and who was to blame for it.

Plaintiff recovered a judgment in the trial court for $3775, which has been affirmed by the Appellate Court, and to reverse the latter judgment this appeal is prosecuted.

F. J. CANTY, and J. C. M. CLOW, (H. E. LONG, of counsel,) for appellant.

WILLIAM A. DOYLE, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

All controverted questions of fact have been conclusively settled adversely to the appellant by the judgment below.

At the instance of the plaintiff the trial court gave the following instruction:

"The court instructs the jury, as a matter of law in Illinois, that the degree of care which the child, John Klonowski, was bound to use, was that which a reasonable person of his age should exercise, taking into consideration the age, capacity and discretion of the deceased to avoid danger, so far as the same appear in evidence."

It is objected that it is erroneous for the reason that it does not correctly state the degree of care and caution required by law of the deceased, but that there should have been added to the same the words, "under similar circumstances." Conceding the instruction to be defective in the manner pointed out, it was cured by the twentieth and forty-third given on behalf of the defendant. The twentieth told the jury that the deceased, at the time and place of the accident, in order to entitle the plaintiff to recover, must have been in the exercise of such care and caution as a person of like age, experience and capacity would have exercised under similar circumstances; and the forty-third, that the deceased was not, by reason of his youth, wholly absolved from the exercise of ordinary care and caution for his own safety, but under the law he was chargeable with that degree of care and caution which could reasonably be expected from a boy of his age, intelligence, experience and ability to understand and care for himself. Both of these instructions stated the law as claimed by the appellant, and there was nothing in the first instruction so contradictory of them as to mislead the jury to the injury of the defendant.

221—22

Complaint is next made of the second instruction given on behalf of the plaintiff, as follows:

"If the jury believe, from the evidence, that any witness in this case has knowingly and willfully sworn falsely on this trial to any matter material to the issue in this case, then the jury are at liberty to disregard the entire testimony of such witness, except in so far as it has been corroborated by other credible evidence or by facts and circumstances proved on the trial."

It is not denied that this instruction lays down the rule in conformity with many decisions of this court, but it seems to be thought that it is in conflict with the later cases of *Chicago and Alton Railroad Co.* v. *Kelly*, 210 Ill. 449, *Dunn* v. *Crichfield*, 214 id. 292, and *Tri-City Railway Co.* v. *Gould*, 217 id. 317. This is a misapprehension. In the *Kelly* case an instruction informed the jury that they could disregard the entire testimony of a witness "except in so far as it may have been corroborated by other credible evidence which they do believe, or by facts and circumstances proved on the trial." In the *Dunn* case the instruction was to the effect that they could disregard the testimony of a person "except in so far as it may have been corroborated by evidence in the case which you do believe to be true," etc. And the one in the *Tri-City Railway* case was wholly unlike the one here objected to. In the first two cases the instructions were condemned because of the words "which you do believe." In the *Kelly* case we said: "It has been repeatedly announced as the law of this State, that the jury are at liberty to disregard the evidence of a witness who upon the trial has willfully sworn falsely to a material fact, except in so far as such witness has been corroborated by other credible evidence or by facts and circumstances proven upon the trial." This language is not variant in any substantial respect from that of the instruction criticised. To the same effect are *Cicero and Proviso Street Railway Co.* v. *Brown*, 193 Ill. 274, *Hoge* v. *People*, 117 id. 35, and *Bevelot* v. *Lestrade*, 153 id. 625.

The instruction stated the law with substantial accuracy, and there was no error in giving it.

Complaint is further made of appellee's fourth instruction. While it, with other instructions, was questioned in the assignment of errors in the Appellate Court, it appears from a certified copy of appellant's brief and argument in that court that no point was there made upon it, and hence it cannot be questioned here. *Kehl* v. *Abram,* 210 Ill. 218; *Chicago and Alton Railroad Co.* v. *American Strawboard Co.* 190 id. 268; *Rohe* v. *Pease,* 189 id. 207.

The appellant certainly has no just ground of complaint as to the giving of instructions on its behalf. The astonishing number of forty-four instructions were asked and given at its instance, many of which might well have been refused, if for no other reason than that they were repetitions of others.

It is finally contended that the verdict is contrary to the law. The declaration alleges that the deceased left him surviving his father and mother and five brothers and sisters. The evidence corresponded with this allegation, the proof being that the brothers and sisters were from two to ten years of age. As stated above, the verdict and judgment were for the plaintiff for $3775. Counsel say: "It is our contention that as to the five brothers and sisters, being next of kin of the deceased, the verdict is contrary to law and is greatly in excess of the actual damages sustained." They seem to understand that this verdict in effect gives to the father and mother and each of the brothers and sisters the proportionate part of the amount which they would be entitled to upon the distribution of the estate of the deceased by the probate court, and they say that inasmuch as the brothers and sisters collaterals could recover nothing without proof that they received something from the deceased by way of support and maintenance, and there being no such proof, nothing could be allowed them. In the first place, this question was not raised in the trial court, by instructions or otherwise. On the contrary, the amount of the verdict is perfectly con-

sistent with the defendant's numerous instructions. It is not denied that the father was entitled to recover as much, or even more, than the amount of the verdict and judgment, without proof of his dependence upon the deceased. Nor is there anything in the record to show that the amount of the verdict was increased because of the fact that the deceased left brothers and sisters. The jury had nothing to do with the distribution of the judgment by the administrator. They could consider only the questions as to whether the deceased came to his death by the wrongful act of the defendant, and if he did, whether, under the proof, he left next of kin who, under the law, sustain damages thereby. In *Baltimore and Ohio Southwestern Railway Co.* v. *Then,* 159 Ill. 535, in considering an instruction by the trial court to the jury that if they found for the plaintiff, "in considering the question of damages, unless it appears from the evidence that the brothers and sisters of the * * * deceased were in the habit of claiming and receiving pecuniary assistance from her, you will not take into account anything which they may have lost by reason of her death, in assessing the damages in this case," we said: "The action was by the father, as administrator, and the declaration avers the deceased left a father, brothers and sisters, etc. The damages to be found by the jury were to be in gross. The jury were not to apportion the amount recovered among the father and the brothers and sisters. That was the province of the probate court." The contention of counsel for the appellant in this case on the question of damages amounts to no more than that the amount allowed is excessive, and, as we have often held, that is a question of fact for the jury and the Appellate Court, not open to review here.

*Judgment affirmed.*