DONK BROS. COAL AND COKE COMPANY

*v.*

HARRY RETZLOFF.

*Opinion filed October 23, 1907.*

1. MINES—*whether method used to couple cars was negligent is question for jury.* Where the evidence shows that there were two methods of coupling coal cars practiced in a coal mine, the question whether a driver in the mine was negligent in using one of such methods instead of the other is a question of fact for the jury.

2. SAME—*master should use reasonable care to see that bumpers on cars are in reasonably safe condition.* It is the duty of a mine owner or operator to use reasonable care to see that the bumpers on coal cars are kept in reasonably safe condition, even though the primary purpose of putting on such bumpers may not have been to protect employees from accidental crushing between the cars when coupling them, where the bumpers do, in fact, serve that purpose.

3. DAMAGES—*when a minor cannot recover for loss of time.* In an action by a minor for a personal injury, where the suit is not brought in the name of his father as next friend, there can be no recovery of damages for loss of time, in the absence of any evidence from which it can be reasonably inferred that the father had emancipated such minor and relinquished his right to the minor's earnings.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Madison county; the Hon. J. E. DUNNEGAN, Judge, presiding.

WISE & McNULTY, for appellant.

BROWN & GEERS, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellee was a coal miner, and at the time of his injury, hereinafter referred to, was a driver in appellant's coal mine and had been so engaged three days. Prior to that time he

had worked in another mine in other capacities. While engaged as a driver in appellant's mine he was injured in attempting to couple cars, and brought this suit to recover damages for said injury.

The substance of the charge in the declaration is, that appellee was employed by appellant in its mine at Maryville, Madison county, to drive a mule in hauling loaded cars to the bottom of the shaft and there couple cars brought in by him to other cars on the track, and that it was appellant's duty to use reasonable diligence to provide cars in a reasonably safe condition and repair for use by appellee, but that it "negligently permitted one of said coal cars to be and remain out of repair in this: that it permitted the bumper on one end of said car to become broken and damaged, and to become so out of repair as to permit said car to approach so near any other car adjacent to said car on said track as to cause the coupling together of said damaged car with any other car to be attended with great peril and danger," and that while appellee was endeavoring to couple said damaged car to another car said cars were precipitated together by another loaded car being rolled down the track and striking one of the cars appellee was endeavoring to couple, and by reason of the defective and insufficient bumper upon one of the cars he was endeavoring to couple, his head was caught between the two cars and he was thereby injured.

Appellee recovered a verdict and judgment in the circuit court of Madison county for $2000. This judgment was affirmed by the Appellate Court for the Fourth District, and from that judgment appellant has appealed to this court.

The proof shows appellee, at the time of his injury, was attempting to couple the cars while standing by the side of the track and leaning over with his head between the cars and reaching over to make the coupling by means of a hook on one car and a link on the other underneath the bumpers. The bumpers were constructed of timbers fastened underneath the ends of the cars, extending their full width and

projecting out beyond the ends of the cars from four to four and one-half or five inches when new and in good condition. The projection of the bumpers beyond the ends of the car was not that great the full width of the car. The greatest projection was near the middle of the car, and on either side the timber was cut sloping back toward the car, so that when the bumpers came together at the center of the cars there was a space on either side so they did not touch each other. Constant use wore away these bumpers, so that the space between the cars, when brought together, was thereby reduced. Appellee testified he was ordered by the boss driver to make the coupling; that the hook on one of the cars was caught in some way so that it was turned partially upwards, and that he could not see how it was fast until he went between the cars, when his lamp enabled him to see it. He testified there was no bumper on the other car.

Appellant contends appellee was guilty of contributory negligence in attempting to couple the cars in the manner described, and insists the proper and safe method was by either kneeling or lying down and reaching up underneath the bumpers. The proof shows both methods were used, and it was a question for the jury to determine whether appellee was guilty of negligence in attempting to make the coupling in the manner described by him.

It is also argued by appellant that the proof shows the bumpers were not placed on the cars for the protection of employees, but were placed there to prevent the bodies of the cars from striking against each other when the cars came together, and that appellee therefore failed to prove a material allegation in his declaration. It is apparent from the evidence that the bumpers were of material assistance in enabling employees to make couplings, and whether the primary purpose of placing them on the cars was to enable couplings to be made by employees and to protect them while being made, or not, they did serve that purpose, which appellant was bound to know, and it became its duty, there-

fore, to exercise reasonable diligence in keeping them in a reasonably safe condition for use. As we have reached the conclusion that the judgment must be reversed on account of an erroneous instruction given for appellee, we shall not further set out the substance of the testimony or comment upon that branch of the case. We think the court was warranted in submitting the case to the jury under the evidence.

Appellee was nineteen years old at the time of his injury. He testified he had been working in mines about five years. His first employment was in carrying dull picks to the blacksmith and sharp ones to the miners. He was engaged in this manner about one year, and then began loading coal with an older brother as his buddy. After working in that capacity for about two years he worked a few months on a railroad, and then went to loading coal in a mine at Glen Carbon with his father, as his buddy. Appellee testified that after having been thus engaged for about a year his brother-in-law, in whose name the suit was brought as next friend, secured him a job in appellant's mine. The brother-in-law worked in the same mine and appellee lived at his house while engaged there. In the first instruction given for appellee the court told the jury, if they found in his favor, in assessing his damages they should take into consideration his loss of time. It is not denied that unless he had been emancipated appellee's services belonged to his father, in whom a right of action existed to recover for their loss, but it is contended the proof justified the inference that appellee had been emancipated by his father. While it is true, proof of an express agreement of the father relinquishing his claim upon the services of a minor son is not necessary but such relinquishment may be inferred from circumstances, there must be something in the circumstances proven from which an intention on the part of the parent to relinquish his right to the earnings of his minor child fairly appears. There is nothing in the testimony in this case showing to whom the wages of appellee had been paid, nor any other

circumstance that would justify the assumption that his father had relinquished his right to the value of his services. This case is unlike *Richardson* v. *Nelson,* 221 Ill. 254, and *American Car and Foundry Co.* v. *Hill,* 226 id. 227. In those cases the suit was in the name of the father, as next friend of the minor.

Some general objections are made to other instructions given for appellee, but no valid reasons are given why they were erroneous.

For the error indicated the judgments of the Appellate and circuit courts are reversed and the cause remanded.

*Reversed and remanded.*