### Susan K. Antrim, Appellee, v. A. M. Legg, Executor, Appellant.

### Gen. No. 6,213.

1. JUDGMENT, § 401*—*when finding acquitting defendant of negligence is an adjudicated matter.* Where no motion was made to set aside a verdict acquitting a defendant of negligence charged against him or for a new trial on that ground, or appeal prayed from the judgment on such verdict, *held* that such finding was an adjudicated matter.

2. MASTER AND SERVANT, § 848*—*when master not liable for alleged negligence of servant.* A master cannot be held liable for alleged negligence of his servant after the latter's acquittal of the charge.

Appeal from the Circuit Court of Livingston county; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the October term, 1915. Reversed with finding of facts. Opinion filed August 10, 1916. Rehearing denied October 5, 1916.

H. E. TORRANCE and E. A. SIMMONS, for appellant.

F. A. ORTMAN and LYLE M. SHELLY, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

This case was considered by this court on a pre-

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

vious appeal and reversed and remanded for another trial. (*Antrim v. Noonan,* 186 Ill. App. 360.) The opinion in the previous appeal fully states the facts involved in the litigation.

Upon the second trial, after the remanding order, the defendant Thomas Noonan was found not guilty by the verdict of the jury; and, in the same verdict, the appellant, A. M. Legg, executor of the estate of Adele L. M. Carothers, was found guilty and plaintiff's damages were assessed at $3,500. The court rendered judgment on the verdict of the jury, and this appeal is prosecuted from the judgment rendered against the appellant, A. M. Legg, as executor.

The appellant insists that the declaration upon which the case was tried seeks to establish a liability on the part of the deceased testatrix, under the doctrine of *respondeat superior;* that is to say, that she was liable, because the negligence charged in the declaration was the negligence of her servant and employee, Thomas Noonan; and that inasmuch as the jury, by their verdict, have found that her servant and employee, Thomas Noonan, was not guilty of the negligence charged, she cannot be held liable for the negligence of which her servant and employee was acquitted.

The declaration in this case consists of nine counts, and it is charged in each of seven counts that Thomas Noonan was the driver or chauffeur or servant of the deceased intestate, Adele L. M. Carothers; and, as such driver, chauffeur or employee, he drove her automobile at a high and dangerous rate of speed; and that in consequence of this alleged negligence, the appellee was injured and damaged. In two counts, namely, the sixth and seventh, it is alleged that the defendant Noonan, as the servant of Adele L. M. Carothers and Adele L. M. Carothers as owner, carelessly and negligently permitted the brakes of the automo-

bile to become out of repair, so that they would not act promptly and stop said automobile within a reasonable distance, when applied for that purpose; and that, in consequence thereof, the appellee was injured. No evidence, however, was offered to sustain these two counts; and at the conclusion of the case the court instructed the jury that there was no evidence before the jury to sustain the allegations of the counts mentioned, so that the case went to the jury to be determined upon the other seven counts, which based the liability of Adele L. M. Carothers, deceased, solely upon the negligence of her employee and servant, Thomas Noonan.

No motion was made to set aside the verdict of the jury acquitting Thomas Noonan of negligence, nor was any new trial asked on that ground, and no appeal was prayed from the judgment on the verdict acquitting Noonan, so that the finding of the jury, that Thomas Noonan was not guilty of the negligence charged in the declaration, must be regarded as an adjudicated matter; and the question is therefore fairly raised in the record whether, under these circumstances, the estate of Adele L. M. Carothers can be held liable.

There are decisions in some states to the effect that a master can be held liable on account of the negligence of his servant, even though the servant may be acquitted of such negligence, but the Supreme Court of this State has sanctioned the contrary doctrine, which also has the approval of the courts of review in most of the other States. Under the circumstances, as presented in this record, the master or principal cannot be held. (*Hayes v. Chicago Tel. Co.,* 218 Ill. 414; *Anderson v. West Chicago St. R. Co.,* 200 Ill. 329.)

In the case of *Hayes v. Chicago Tel. Co., supra,* our Supreme Court quote with approval the language used by the Supreme Court of Washington, in the

case of *Doremus v. Root,* 23 Wash. 710, which has also special application to the case at bar: "In such an action, whether brought against the employer severally or jointly with the employee, the *gravamen* of the charge is, and must be, the negligence of the employee; and no recovery can be had unless it be proved and found by the jury that the employee was negligent. Stated in another way: if the employee who causes the injury is free from liability therefor, his employer must also be free from liability." "So, too, from the principle that there can be no liability on the part of an employer for the act of his employee in which he took no part, if the employee is free from liability, it follows that a judgment in favor of the employee in an action brought against him for an injury caused by such an act is a bar to a recovery against the employer in an action brought against him for the same cause of action."

For the reasons stated, it is evident that the judgment against appellant is erroneous and must be reversed, and it is not necessary to discuss the other assignments of error.

*Judgment reversed with finding of facts.*

Finding of facts to be incorporated in the judgment.

We find that Adele L. M. Carothers, deceased, was not guilty of the negligence charged in the declaration.