Peter O. Larson, Administrator of the Estate of Hilda Larson, Deceased, Defendant in Error, v. Walker D. Hines, Director General of Railroads (Atchison, Topeka & Santa Fe Railroad), Plaintiff in Error.

Gen. No. 6,871.

1. MASTER AND SERVANT, § 853*—*liability of master where servant joined in action acquitted.* In an action against a railroad and the engineers of its trains based upon negligence in the operation of such engines which caused the death of plaintiff's intestate, an acquittal of the two engineers of the negligence charged against them and which appears from the averments as the proximate cause of the accident, necessarily absolves the railroad company from liability under the doctrine of *respondeat superior.*

2. RAILROADS, § 697*—*admissibility of evidence of defects not pleaded.* In an action for injury at a railway crossing, evidence that the crossing bell had been found ringing when no train was passing and had been found otherwise unreliable is not competent where no negligence is averred with reference to such crossing bell.

3. RAILROADS, § 697*—*evidence of negligence not pleaded.* In an action for injury at a railway crossing, evidence of the absence of whistling posts near the crossing is incompetent where no negligence in that respect is charged.

4. RAILROADS, § 710*—*village ordinance not admissible where injury occurred outside of village limits.* In an action for injury at a railway crossing, a village ordinance regulating speed of trains is inadmissible where the crossing in question is wholly outside of the village limits.

DIBELL, P. J., dissenting.

Error to the Circuit Court of Grundy county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the October term, 1920. Reversed and remanded. Opinion filed March 17, 1921. Rehearing denied May 3, 1921.

HOMER W. DAVIS, JOHN R. ONG and EMMET TRAINOR, for plaintiff in error; GEORGE W. HUSTON, of counsel.

FRANK H. HAYES, for defendant in error; JAY STOUGH, of counsel.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

This suit was brought by the appellee, Peter O. Larson, as administrator of the estate of Hilda Larson, deceased, for the benefit of the next of kin of said deceased, against the appellant, Walker D. Hines, director general of railroads, operating the Atchison, Topeka & Santa Fe Railroad, and against Thomas Fletcher and F. B. Chapman, defendants in the court below, to recover damages for wrongfully causing the death of the said Hilda Larson, deceased, who was the wife of the appellee, and who was killed by being run over by a Santa Fe train, while she was in the act of crossing the Santa Fe railroad tracks in a buggy drawn by a horse, which she was driving. The place of the accident is a regular public highway railroad crossing situated just outside of the eastern limits of the Village of Mazon. This crossing at the point mentioned is intersected by four railroad tracks running east and west. The track farthest north is known as the transfer track; the next track south is the westbound main track; and the next south after that is the eastbound track; and the fourth track is called the passing track. There is a space of 16½ feet between the two main tracks. The highway crosses these tracks at an angle, its course being in a southeasterly and northwesterly direction. The deceased was going in a southeasterly direction, and had started across the tracks at a time when two Santa Fe trains were approaching almost simultaneously; one on the eastbound main track and one on the westbound main track. In her attempt to cross over, the deceased got into the space between the two main tracks, and the eastbound train apparently passed in front of her, as she was crossing the westbound main track. Her horse became unmanageable and ran east with the buggy in the space between the two main tracks where the trains were passing each

other, and it finally ran the buggy onto the westbound main track where it was struck by the engine of the westbound train, and the deceased was run over and killed by the train.

There was a trial by jury, which resulted in a verdict finding the defendants Thomas A. Fletcher and F. B. Chapman, who were the engineers in charge of the respective trains referred to, not guilty, and finding the appellant guilty and assessing plaintiff's damages at $10,000. The appellant made a motion for a new trial which was overruled, and a judgment was rendered in accordance with the verdict. This appeal is prosecuted from the judgment.

A number of grounds are urged for a reversal of the judgment. The main point raised is, that inasmuch as the verdict of the jury found that the engineers in charge of the respective trains involved in bringing about the accident were not guilty of the negligence charged in operating the engines and trains, that this necessarily also acquits the appellant from liability under the doctrine of *respondeat superior*. "It is well settled that, in an action, whether brought against the employer severally or jointly with the employee, the gravamen of the charge is, and must be, the negligence of the employee; and no recovery can be had unless it be proven and found by the jury that the employee was negligent. Stated in another way: If the employee who causes the injury is free from liability therefor, his employer must also be free from liability. So, too, from the principle, that there can be no liability on the part of employer for the act of his employee in which he took no part, if the employer is free from liability, it follows that a judgment in favor of the employee in an action brought against him for an injury caused by such an act is a bar to a recovery against the employer in an action brought against him for the same cause of action." *Hayes v. Chicago Tel. Co.,*

218 Ill. 414; *Anderson v. West Chicago St. Ry. Co.,*
200 Ill. 329.

It is contended by the appellee that the rule stated
does not apply in this case, because there are aver-
ments in the declaration of other negligence on the
part of appellant besides the alleged negligence of
the employees who were running the engines. It is
true that the third count contains an additional aver-
ment of negligence, namely, that the appellant negli-
gently and carelessly caused to be placed on the siding
immediately west of the crossing in question, a string
of box cars, and allowed the box cars to remain there,
so that it was impossible for any one driving along
said public highway from the west, in an easterly
direction, to get a view of said railroad tracks west
of said crossing; but this charge of negligence does
not appear from the other averments in this count of
the declaration to have been the proximate cause of
the accident. The additional count also contains a
similar averment of negligence concerning the box
cars which had been placed and allowed to remain
standing on the siding track, which it is charged re-
sulted in the said Hilda Larson being unable to con-
tinue on her course across said highway. The proxi-
mate cause of the accident, appearing from the aver-
ments in all the counts, was the negligence in running
and managing the locomotive engines and trains re-
ferred to. In the state of the pleadings and the proof
as disclosed by the record, the acquittal of the two
engineers of the negligence charged against them,
which appears from the averments as the proximate
cause of the accident, necessarily absolved the appel-
lant from liability.

It will not be necessary to pass upon all the ques-
tions raised on this appeal. We deem it proper, how-
ever, to say that the evidence adduced on the trial,
to the effect that the crossing bell had been found
by parties to be ringing when there were no trains

passing, or had been found to be unreliable on other occasions, and by other parties, was not competent under the issues presented by the declaration, there being no negligence averred in connection with the crossing bell. And for the same reason, the evidence of the absence of whistling posts west of the crossing in question as a matter of negligence was incompetent; and the argument based on the absence of such posts was improper. We are of opinion that the court properly sustained the objection to the introduction in evidence of an ordinance of the Village of Mazon concerning the speed of railroad trains passing through the village, the crossing in question being wholly outside of the village limits. For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*

DIBELL, P. J., dissenting.